No. 533 June 11, 2025 283

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jill BONG,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF JUSTICE
and Oregon Attorney General,
*Defendants-Respondents.*

Douglas County Circuit Court
23CV45434; A185121

Jason R. Thomas, Judge.

Submitted May 12, 2025.

Jill Bong filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondents.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In March 2023, petitioner filed a federal action that included claims against the former governor of Oregon and the former director of the Oregon Health Authority (OHA) in their individual and official capacities. A senior assistant attorney general (AAG) from the Oregon Department of Justice (DOJ) appeared on behalf of the former governor and the former OHA director in both their individual and official capacities. Petitioner challenged the AAG's authority to appear for the defendants in their individual capacities. The federal court rejected that challenge. Petitioner then filed this state court action against the Oregon Attorney General and the DOJ, challenging their authority to defend former or current state officials, officers, or employees in their personal capacities in specified circumstances. The circuit court held a stipulated facts trial and ultimately dismissed the case on two grounds: (1) that petitioner lacked standing to object to what lawyer represents her opponents in court, for reasons detailed at length in the court's letter opinion, and (2) that any complaint about the qualifications or status of another party's lawyer should be directed to the court in which that lawyer is appearing—here, to the federal court, which had already rejected petitioner's challenge to the AAG's representation—rather than being raised in a separate action in a different court.

On appeal, petitioner contends that the circuit court erred in dismissing her state court action. In five assignments of error, she challenges the court's ruling, arguing that she has standing, that the court misframed the issue, that the court improperly resurrected a waived claim-splitting defense, that the court's second basis for dismissal was wrong, and that the court had authority to issue an injunction in this case. The state responds that the circuit court properly dismissed the case, because petitioner met none of the elements of standing, and because the circuit court could not be required to direct proceedings in a federal district court as petitioner sought.

Having reviewed the record and considered the parties' arguments, we agree with the state that the trial court did not err in dismissing the action. Petitioner failed

to establish standing, which is dispositive. Accordingly, we affirm.

Affirmed.